IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JEROME BARNES, | No. C 15-4199 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| JOE LIZARRAGA, | (Dkt. 6) |
| Respondent. | |

## INTRODUCTION

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. 2254 challenging his sentence in state court. Respondent has filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition. The motion is granted and the case is dismissed.

## STATEMENT

Petitioner pled no contest to two counts of kidnaping and one count of carjacking with an enhancement for the use of a firearm in Alameda County Superior Court on July 19, 2011. On September 12, 2011, the trial court sentenced him to a term of 30 years in state prison. Petitioner did not file a direct appeal. On December 5, 2014, he filed a petition for a writ of habeas corpus in Alameda County Superior Court. The petition was denied on January 22, 2015. On February 10, 2015, he filed a habeas petition in the California Court of Appeal, which was denied on February 19, 2015. On April 24, 2015, he filed a habeas petition in the California Supreme Court, which was denied on August 12, 2015. The instant petition was filed on September 15, 2015.

## ANALYSIS

The statute of limitations is codified at 28 U.S.C. 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest

of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. 2244(d)(2).

Petitioner's judgment became final under Section 2244(d)(1)(A) on November 12, 2011 — 60 days after he was sentenced — because that is when the time for filing a notice of appeal expired. *See* Cal. R. Ct. 8.308(a); *Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction) , The limitations period began running the next day and expired one year later, on November 13, 2012. Under the "mailbox rule" the instant petition is deemed filed on the day it was signed — September 7, 2015, nearly three years too late. Petitioner's first state habeas petition was filed in January 2015, over two years after the limitations period had already expired, and thus his state habeas petitions do not toll the limitations period under Section 2244(d)(2). *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that once AEDPA's limitations period has run, a state habeas petition cannot revive it).

Petitioner argues that his claims should be excused from procedural default because his attorney did not file a timely notice of direct appeal in the California Court of Appeal within 60 days of petitioner's sentence (Pet. 14-15; Opp. 1-3). The exception to procedural default petitioner refers to was created in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and expanded in *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013*)*. The exception applies where a petitioner brings claims of ineffective assistance of trial counsel, he could not have raised the claims on direct review, and he was afforded no counsel or only ineffective counsel on state collateral review. *Trevino v. Thaler*, 133 S. Ct. 1911, 1918, 1921 (2013) (quoting *Martinez*, 132 S. Ct. at

2

1318-19, 1320-21) (expanding *Martinez* exception to states whose "procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise the claim of ineffective assistance of trial counsel on direct appeal"). This exception applies to federal habeas claims that are procedurally defaulted, not that are untimely under AEDPA Section 2244(d)(1). While the *Martinez* exception may excuse any procedural default in petitioner's claims, respondent's procedural default argument is not reached or relied upon here in light of the conclusion that the petition is untimely.

While petitioner does not argue that equitable tolling of the limitations period is warranted, it is noted that his allegations, even if true, are not sufficient to render his petition timely on equitable tolling grounds. The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). The prisoner also must show that the extraordinary circumstances "were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Petitioner alleges that his attorney did not file a timely notice of appeal for direct review of his conviction and sentence. Trial counsel's negligence in failing to perfect a direct appeal does not warrant equitable tolling if it does not cause the delay in filing a federal habeas petition. *See Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010). Moreover, attorney misconduct does not warrant equitable tolling if the petitioner was not precluded from at least filing a "protective" petition in federal court before the AEDPA deadline. *Curiel v. Miller*, 780 F.3d 1201, 1206 (9th Cir. 2015) (attorney's failure to provide petitioner with his file did not warrant equitable tolling because petitioner could still have filed a protective federal petition before the deadline). Even assuming plaintiff's allegation that his attorney did not file a timely notice of appeal is true, this is not grounds for equitable tolling because it did not cause the nearly four-year delay in petitioner's filing of his federal petition, and petitioner could have still filed his state habeas petitions and/or a protective federal petition before the limitations period expired. There is no explanation why petitioner did not do so, and his lack of legal training is not an adequate explanation. *See Raspberry v. Garcia*, 448 F.3d

3

1150, 11543 (9th Cir. 2006) (pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling).  Accordingly, there are no grounds for finding the petition timely on equitable tolling grounds.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (dkt. 6) is **GRANTED** and the petition is **DISMISSED.**

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied.  Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January   18  , 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4